HENRY L. FISH and others, Respondents, v. BRACKETT H. CLARK, Appellant, impleaded with JAMES CAMPBELL.

(GENERAL TERM, SEVENTH DISTRICT, DECEMBER, 1869.)

The defendant, who owned and kept for the convenience of his business as a manufacturer of staves, a canal boat, suitably manned and equipped, received from the plaintiffs, who were common carriers, a cargo of the merchandise of their shippers indifferently, and undertook its transportation on such boat to a point on their route of business, for the usual rates of charge, to be collected and paid over by the plaintiffs, less a commission retained.—*Held*, that he was not liable to the plaintiffs as a common carrier, although he had applied for the cargo, knowing the general ownership it must have, and a year previously had made with them and performed a similar contract.

THIS action was brought to charge the defendants with liability for the loss and damage of merchandise, while *in transitu*, on their boat upon the canal between Rochester and Albany.

The plaintiffs were extensively engaged, under the style of "The Rochester Transportation Co.," as common carriers of merchandise upon the canal and river between Buffalo, New York and intermediate places, having a warehouse and office in Rochester. and an office at New York. In their business they generally used their own boats, but, on occasion, carried on those of other owners ; and, in the latter case, were accustomed to ship in their own names, collect the freight charges at the places of destination, and, after deducting a commission, to pay over the balance to the owner of the boats.

The defendants were the owners in common of a canal

boat, which was kept for use in the business of each of them, the defendant Clark being a manufacturer of staves, and the defendant Campbell a cooper.   Some time in the year 1863, while the defendants so owned it, the boat had been employed in the transportation of a load of merchandise from Rochester to New York, furnished by the plaintiffs through an arrangement with Clark, which was in accordance with that usually made by them with boat owners, as before stated; and in May, 1864, the boat not being needed in the business of either of the defendants, Clark, knowing the character of the defendants' business, applied to them for a cargo for transportation from Rochester to New York, expecting to receive, as he did, in fact, the goods of individuals indiscriminately; and thereupon, the cargo in question, consisting principally of flour and potatoes, belonging to various owners unknown to defendants, and being in the plaintiffs' charge for transportation, was loaded upon the defendants' boat, in part at the warehouse of the plaintiffs, and in part at the premises of one Whitney, with the understanding that the defendants should receive the price paid by the shippers for freight, which was to be at the ruling prices, and collected by the plaintiffs and paid to the defendants, after deducting advances and four per cent commissions.

The captain and crew were provided by the defendants, and were subject to their orders; and the shipping bills were signed by the captain, to whom the plaintiffs made advances for expenses of tolls and towing, and they (the plaintiffs) also procured an insurance upon the cargo.

The boat met with accident on its way, on account of which, without negligence or fault of the defendants or the boat's crew, the boat and cargo were badly injured, and the latter partial'y lost; the remainder was sold by direction of plaintiffs and their insurers, who paid the insurance to the plaintiffs, and the plaintiffs paid the shippers the value of their property.

The defendant, Campbell, had no part in making the contract, and no knowledge of it.

The case was referred, and a report was made dismissing the complaint against the defendant Campbell, but in favor of the plaintiffs as against the defendant Clark, who was charged with the liability of a common carrier; and this appeal was taken by him from the judgment upon a case and exceptions.

*John McConnell,* for the appellant.

*Edward Harris,* for the respondents.

Present—JOHNSON, J. C. SMITH and DWIGHT, JJ.

DWIGHT, J.   The findings of the referee expressly absolve the defendant, Clark, from liability except as a common carrier, but charge him as such.

In his opinion the referee expresses very great doubt whether a recovery in the case can be sustained, and states that for the purposes of his report he adopts the conclusion which charges the defendant in order that if it should be held upon review that the defendant was chargeable, the necessity of a new trial might be obviated.   I think it clear that the conclusion cannot be sustained.

According to all the authorities it is an essential characteristic of the common carrier that he hold himself out as such to the world; that he undertake generally, and for all persons indifferently, to carry goods, and deliver them for hire, and that his public profession of his employment be such that if he refuse without some just ground to carry goods for any one in the course of his employment and for a reasonable and customary price, he is liable to an action.

Such is the rule laid down by all the elementary writers, and sustained by the authorities cited by them.   (See 3 Kent's Com., 597; Story on Bail, § 495; 2 Parsons on Cont., 166, note; Angell on Com. Car., § 46.)

The latter writer finds, as he thinks, some discrepancy in the authorities and cites some cases decided in sister States as

Fish *v.* Clark.

tending to enlarge the rule and impose the liability of common carriers upon persons exercising that employment only occasionally and incidentally, and it is upon the authority of these cases, or rather upon the summary of them given by Mr Angell, that the referee bases his conclusion in this case.

So far as I have been able to examine the cases thus cited and referred to, I do not find that they go to establish a rule essentially different from that above quoted.

The parties held liable as common carriers in those cases seem generally to have been persons who, though not pursuing the business constantly or exclusively, have yet occasionally held themselves out as common carriers, and at such times have assumed that character and subjected themselves to its liabilities.

In the case of *Allen* v. *Sackrider* (37 N. Y., 341), the rule substantially as stated above, is quoted from various authorities and approved. Mr. Justice PARKER, writing the opinion of the court, says: " The employment of a common carrier is a public one, and he assumes a public duty, and is bound to receive and carry the goods of any one who offers;" and in that immediate connection he quotes from Prof. Parsons: " On the whole it seems to be clear that no one can be considered as a common carrier unless he has in some way held himself out to the public as a carrier in such a manner as to render him liable to an action if he should refuse to carry for any one who wished to employ him."

If this test be applied to the case now under consideration we find that the defendant, Clark, was not a common carrier. He was a manufacturer of staves, and Campbell, his co-defendant, was a manufacturer of barrels. They were joint owners of a canal boat and employed it in their own business, viz., the transportation of their own materials and manufactures. On one occasion only, before the present, so far as the proof shows, or as the referee finds, had the boat ever been employed in any other manner, and that was in the previous year, upon an arrangement with the same parties as in this case; the plaintiffs in this action, to carry a

load of produce for them from Rochester to New York.
There was no proof that the defendants or either of them
had ever upon any other occasion offered to carry the goods
of any person, and so far was the employment in these
instances from being a public employment that, as the referee
finds, the defendant, Campbell, part owner of the boat, did
not know of the transaction ; and as to him the complaint was
dismissed for that reason.  It is very clear that the defendant,
Clark, did not hold himself out to the public to carry the
goods of any person who chose to employ him.  The fact
that the plaintiffs were common carriers, and that the pro
perty with which the defendants' boat was loaded was the
property of various persons, and of all such persons as chose
to employ the plaintiffs to transport it for them does not, as it
seems to me, affect the question of the character of the defend-
ant's employment.  He undertook with the plaintiffs to carry
such a load as they should furnish him.  There was no privity
between him and the owners of the property transported.  As
to him, the cargo was the property of the plaintiffs, and the
" going rates " of freight was adopted as the measure of the
compensation to be paid the defendant for his carriage.  This
was to be paid him by the plaintiffs, being collected by them
from the shippers.

In no essential particular, so far as I can see, does this case
differ from that of *Allen* v. *Sackrider* (*supra*).  In that case,
as in this, the defendant had upon one previous occasion car-
ried a load for the plaintiffs.  In this case, as in that, the
defendant had never carried nor offered to carry for any other
person than the plaintiffs.  The only respects in which a dis-
tinction can be drawn between the two cases, are : 1st. That
in this case the plaintiffs were common carriers, and the pro-
perty shipped by them was the property of various persons.
Whereas, in the case referred to, the property belonged to the
plaintiffs themselves ; and, 2d. That in this case, as the referee
finds, the defendant applied to the plaintiffs for a load, and in
that case the plaintiffs applied to the defendant to take a
load.

It seems to me that these points of distinction are unessential. It certainly cannot be held, that every person who in an exigency, or upon an occasion, undertakes to transport goods for a common carrier thereby becomes himself a common carrier, and imposes upon himself the extreme measure of liability which attaches to that character. Nor can it be, that a single application for employment to transport goods (for it does not appear that upon the occasion in the previous year, the defendant applied for the employment), amounts to such a holding out to the public in a public employment, as is required by the rule above stated, to constitute the person employed a common carrier. It is, perhaps, worthy of notice, that the referee does not find that the defendant applied to the plaintiffs to obtain him a load, but that he applied to them to furnish him a load. The former language might have implied an employment of the plaintiffs as his agents to contract for him with third persons; the language actually used can be construed only as a proposition to the plaintiffs to carry for them.

And such, I think, all the evidence and the findings of the referee, show the contract to have been. The bills of lading were in the name of the plaintiffs (The Rochester Transportation Co.), as the shippers. They contracted with the owners of the property in their own names; were to collect the freight; effected the insurance in their own names, and upon the happening of the loss, promptly paid the owners of the property, adjusted the loss with the insurance company, and collected the insurance money. It seems to me, from the whole case, that the idea of resorting to the defendant to cover the loss not covered by the insurance, was an afterthought, and a subterfuge.

But, however this may have been, it is clear, I think, that the defendant, whatever his contract with the plaintiffs, was not within the rule well established in this State, a common carrier, and therefore, was only responsible for negligence in the performance of his contract. The referee finds, that the

loss was not attributable to any degree of negligence or fault on his part.

In my opinion, the judgment should be reversed, and a new trial granted.

All concuring. Judgment reversed, and new trial granted; costs to abide event.